**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4496**

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

           versus

DERRICK JAMES HORNE,

                                        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:04-cr-00213-1)

Submitted:  April 18, 2007               Decided:  May 21, 2007

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Reggie E. McKnight, MCKNIGHT LAW FIRM, P.L.L.C., Charlotte, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Kimlani Murray Ford, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick James Horne appeals his convictions and concurrent 168-month prison sentences imposed following his guilty plea to one count of possession with intent to distribute cocaine base and aiding and abetting the same, in violation of 18 U.S.C. § 2 (2000), 21 U.S.C.A. § 841 (West 1999 & Supp. 2006), and one count of possession with intent to distribute cocaine, in violation of 21 U.S.C.A. § 841. Horne's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), acknowledging the absence of any meritorious issues for appeal,[*] but questioning whether the district court erred in failing to impose a sentence below the guideline range. Horne was advised of his right to file a pro se supplemental brief, but did not file one.

In sentencing a defendant after United States v. Booker, 543 U.S. 220 (2005), the district court must calculate the advisory guideline range and then consider whether that range "serves the factors set forth in [18 U.S.C.A.] § 3553(a) [West 2000 & Supp. 2006)] and, if not, select a sentence that does serves those factors." United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). This court reviews a post-Booker sentence "to determine whether the sentence is within the

---

[*]Although counsel notes that there is a waiver contained in Horne's plea agreement, the government does not seek to enforce the waiver. Because the government has not relied on the waiver provision to assert that appellate review is precluded, the waiver does not bar Horne's appeal. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

statutorily prescribed range and is reasonable." <u>United States v. Moreland</u>, 437 F.3d 424, 433 (4th Cir.) (internal quotation marks and citation omitted), <u>cert. denied</u>, 126 S. Ct. 2054 (2006). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." <u>United States v. Johnson</u>, 445 F.3d 339, 341 (4th Cir. 2006) (citations omitted). "[A] defendant can only rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." <u>United States v. Montes-Pineda</u>, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks and citation omitted), <u>petition for cert. filed</u>, ___ U.S.L.W. ___ (U.S. July 21, 2006) (No. 06-5439).

Here, Horne's concurrent 168-month prison sentences fall within the statutorily prescribed range of ten years to life, <u>see</u> 21 U.S.C.A. § 841(b)(1)(A), and within the properly calculated guideline range of 160 to 210 months' imprisonment. In sentencing Horne, the district court considered the advisory guidelines, the § 3553(a) sentencing factors, and the arguments of Horne's counsel for a sentence below the guideline range. Our review of the record convinces us that Horne has failed to rebut the presumption of reasonableness accorded to sentences within the properly calculated guideline range.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Horne's convictions and sentences. This court requires that counsel inform Horne, in writing, of the right to petition the Supreme Court of the United States for further review.

- 3 -

If Horne requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Horne. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED